**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| CARLOS LOPEZ, | : |
| Petitioner, | : Civil No. 10-254(RMB) |
| v. | : |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : **OPINION** |
| Respondents. | : |

**APPEARANCES:**

    **CARLOS LOPEZ**, Petitioner pro se
    James T. Vaughn Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    JAMES TURNER WAKLEY, Esquire
    Deputy Attorney General
    Delaware Department of Justice
    Wilmington, Delaware 19801
    Counsel for Respondents

**BUMB, District Judge**

    Pending before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Carlos Lopez ("Lopez"). (Docket entry no. 2) For the reasons discussed, the Court will deny the petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

#### I. BACKGROUND

As recounted by the Delaware Supreme Court, the facts leading to petitioner's conviction are as follows.

> In June 2004, the victim, Andrea Dawson ("Dawson"), spent the night at the house of her school friend, Sandra Smith ("Smith"). At the time, Dawson and Smith were both twelve years old.[1] Also present in the house were Smith's parents; her brother, Joey, who was thirteen or fourteen years old; and Smith's uncle, [petitioner] Lopez.
>
> On the night of the incident, Smith and Dawson watched television in the living room. Joey and Lopez were also in this room. Joey asked Dawson to give Lopez "a blowjob" several times. Dawson repeatedly refused. Lopez then made the request and threatened Dawson that "if Dawson didn't do anything, that he would through her outside with her clothes." Dawson testified that because she felt "pushed into a corner," she "gave in" and put her "mouth around Lopez's penis." Smith also testified that she saw Dawson put her mouth on Lopez's penis.
>
> Nearly one year later, Dawson went to the A.I. duPont Children's Hospital, where she spoke with Ms. Kolar, a registered medical assistant. When Ms. Kolar asked whether she was sexually active, Dawson disclosed the June 2004 incident. The police were called and, following an investigation, Lopez was arrested for rape in June 2005.

Lopez v. State, 918 A.2d 338 (Table), 2006 WL 3759398, at *1 (Del. Dec. 22, 2006).

In February 2006, a Delaware Superior Court jury convicted Lopez of second degree rape, and the Superior Court sentenced him as an habitual offender to life imprisonment. Id. at *2. Lopez

---

[1] The Delaware Supreme Court designated pseudonyms for the victim and her friend. Lopez v. State, 918 A.2d 338 (Table) 2006 WL 3759398, at *1 n.1.

appealed, and the Delaware Supreme Court affirmed his conviction and sentence on December 22, 2006. Id. at *4.

Lopez filed a motion for reduction of sentence pursuant to Delaware Superior Court Rule 35 on May 11, 2007 ("first Rule 35 motion"), which the Superior Court denied on February 29, 2008. (Docket entry no. 14, Del. Super. Ct. Dkt. Entry Nos. 48, 58); State v. Lopez, 2008 WL 601743 (Del. Super. Ct. Feb. 29, 2008). Lopez did not appeal that decision.

Lopez filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 on August 3, 2007 ("first Rule 61 motion"), which the Superior Court denied as meritless on February 29, 2008. (Docket entry no. 14, Del. Super. Ct. Dkt. Entry Nos. 49, 58); See Lopez, 2008 WL 601743. Lopez did not appeal that decision.

On September 19, 2008, Lopez filed a second Rule 35 motion, this time titled "correction of illegal sentence," which the Superior Court denied on January 30, 2009. (Docket entry no. 14, Del. Super. Ct. Dkt. Entry Nos. 59, 60). On April 14, 2009, Lopez filed a third Rule 35 motion for correction of sentence, which was denied on June 10, 2009 as repetitive. (Docket entry no. 14, Del. Super. Ct. Dkt. Entry Nos. 61, 62) Lopez did not appeal either decision.

Finally, Lopez filed a second Rule 61 motion in the Superior Court on July 30, 2009, which was denied as time-barred on August 25, 2009. (Docket entry no. 14, Del. Super. Ct. Dkt. Entry No.

63); State v. Lopez, 2009 WL 3069616 (Del. Super. Ct. Aug. 25, 2009). The Delaware Supreme Court affirmed that decision January 26, 2010, and denied rehearing en banc on February 16, 2010. Lopez v. State, 988 A.2d 937 (Table), 2010 WL 376901 (Del. Jan. 26, 2010), reh'g denied en banc, (Feb. 16, 2010).

Lopez's § 2254 petition is dated March 17, 2010, and time-stamped as received by the Clerk's Office on March 30, 2010. (Docket entry no. 2) The petition asserts two grounds for relief: (1) pursuant to Danforth v. Minnesota, 552 U.S. 264 (2008) and Crawford v. Washington, 541 U.S. 36 (2004), the Delaware Courts violated his constitutional right to confront witnesses by improperly admitting into evidence a testimonial out-of-court statement by a non-testifying witness named Joey Torres; and (2) Lopez's defense attorney provided ineffective assistance by presenting Torres' statement at trial. In their answer, Respondents contend that the Court should dismiss the petition as time-barred. (Docket entry no. 12) Alternatively, Respondents contend that the first claim in the petition should be denied as procedurally barred and the second claim should be denied as meritless. Id.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-

year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant petition, dated March 2010, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. The Court cannot discern any facts triggering the application of § 2244(d)(1)(B) or (D).

Moreover, to the extent Lopez's reliance on Crawford v. Washington and Danforth v. Minnesota is an attempt to trigger the application of § 2244(d)(1)(C) and possibly benefit from a later filing deadline, it fails. (D.I. 15) In Crawford, the Supreme Court announced a "new rule" for the analysis of Confrontation Clause challenges, holding that the a defendant must be afforded the opportunity to cross-examine witnesses where "testimonial" statements against a defendant are made at trial, as opposed to

"nontestimonial hearsay." Crawford, 541 U.S. at 68-9. In Danforth, the Supreme Court held that States are not barred from retroactively applying Crawford in state collateral proceedings because they are not bound by federal retroactivity laws. Danforth, 552 U.S. at 282. Neither case, however, triggers a later starting date under § 2244(d)(1)(C). First, Crawford does not trigger a later filing date under § 2244(d)(1)(C) because Lopez's conviction became final nearly three years **after** Crawford was decided.[2] Second, Danforth does not trigger a later filing date because the opinion did not announce a "newly recognized" constitutional right that the Supreme Court has explicitly made retroactively applicable on federal habeas review.[3] Based on the foregoing, the Court concludes that § 2244(d)(1)(A) provides the method for determining the starting date of the limitations period for the instant petition.

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the

---

[2] And, even if this situation was one where the petitioner's judgment of conviction became final before the issuance of Crawford, the United States Supreme Court has explicitly held that Crawford has no retroactive application to cases on **federal** habeas review that were final when Crawford was decided. Whorton v. Bockting, 549 U.S. 406 (2007).

[3] Danforth did not announce the type of "new rule" contemplated by § 2244(d)(1)(C); rather, it only addresses whether a state may give broader effect to a new constitutional rule than that given under federal retroactivity law.

ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Lopez's conviction and sentence on December 22, 2006, and Lopez did not seek certiorari review. Therefore, Lopez's conviction became final on March 22, 2007. Applying the one-year limitations period to that date, Lopez had until March 21, 2008 to timely file his petition.[4] See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Using the date indicated on the petition, the Court concludes that Lopez filed the instant petition on March 17, 2010, almost two full years after the expiration of the AEDPA's limitations period. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(pursuant to the prison mailbox rule, the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date). Thus, the petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158.

**A. Statutory Tolling**

---

[4]In 2009, there were 29 days in the month of February.

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). A "properly filed application" for statutory tolling purposes is an application that is submitted in accordance with the state's procedural rules, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If the state courts rejected a petitioner's state postconviction application as untimely, the application is not "properly filed" for § 2244(d)(2) purposes and therefore has no statutory tolling effect. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Here, Lopez filed his first Rule 35 motion on May 11, 2007.[5] The Superior Court denied the motion on February 29, 2008, and Lopez did not appeal that decision.[6] Therefore, the Rule 35 motion statutorily tolls the limitations period from May 11, 2007 through March 30, 2008, the date on which the 30-day appeal period expired. See Del. Sup. Ct. R. 6.

Lopez filed his first Rule 61 motion on August 3, 2007. The Superior Court denied the motion on February 29, 2009 in the same decision disposing of his first Rule 35 motion, and Lopez did not appeal that decision. As a result, the first Rule 61 motion tolls the limitations period from August 3, 2007 through March

---

[5] Respondents do not consider, or even mention, Lopez's first Rule 35 motion in their statutory tolling analysis. (D.I. 12 at 3) Nevertheless, in Delaware, Rule 35 motions are motions for collateral review which are judicially reviewed in proceedings occurring outside of the direct review process. Therefore, a Rule 35 motion constitutes the type of "application for State post-conviction or other collateral review" contemplated by § 2244(d)(2). See Wall v. Kohli, ___ U.S. ___, 131 S.Ct. 1278, 1287 (2011).

[6] As noted by the Delaware Superior Court, Lopez did not timely file his first Rule 35 motion. Although Lopez's untimely filing of his first Rule 35 motion in state court would normally render the motion improperly filed and not appropriate for statutory tolling under § 2244(d)(2), the Superior Court did not reject the Rule 35 motion for being untimely. Rather, the Superior Court explicitly waived the time-bar and considered the motion on the merits. Lopez, 2008 WL 601743, at *3. In this situation, the Court is constrained to conclude that the first Rule 35 motion triggers statutory tolling under § 2244(d)(2). Cf. Allen v. Siebert, 552 U.S. 3, 6 (2007)("Because the [habeas petitioner's] petition for state postconviction relief was **rejected** as untimely by the state courts, it was not 'properly filed' for purposes of § 2244(d)(2).")(emphasis added)

30, 2008. However, because the time period tolled by the first Rule 35 motion overlaps with the period tolled by Lopez's first Rule 61 motion, there is one continuous period of tolling from May 11, 2007 through March 30, 2008.

When Lopez filed his first Rule 35 motion on May 11, 2007, 49 days of the AEDPA's limitations period had lapsed. The limitations clock started to run again on March 31, 2008 and ran another 172 days without interruption until Lopez filed his second Rule 35 motion on September 19, 2008. The Superior Court denied the second Rule 35 motion on January 30, 2009, and Lopez did not appeal that decision. Thus, the second Rule 35 motion tolls the limitations period from September 19, 2008 through March 2, 2009, which includes the thirty-day period Lopez had to appeal that denial.[7]

When the limitations clock started to run again on March 3, 2009, a total of 221 days in the AEDPA's limitations period had expired. The clock ran another 42 days until Lopez filed his third Rule 35 motion on April 14, 2009. The Superior Court denied the third Rule 35 motion on June 6, 2009, and he did not appeal. Therefore, the third Rule 35 motion tolls the limitations period from April 14, 2009 through July 6, 2009,

---

[7]The 30-day appeal period actually expired on March 1, 2009, a Sunday. Therefore, the time for appealing extended through Monday, March 2, 2009. See Del. Sup. Ct. R. 11(a).

which again includes the thirty-day appeal period. At this point, a total of 263 days of the limitations period had expired.

Lopez filed a second Rule 61 motion on July 30, 2009, the Superior Court denied it as untimely, and the Delaware Supreme Court affirmed that decision and denied rehearing en banc on February 16, 2010. However, this second Rule 61 motion has no statutory tolling effect, because the Delaware State Courts' denial of the motion as time-barred demonstrates that it was not "properly filed" for § 2244(d)(2) purposes.[8]

Consequently, when the limitations clock started to run again on July 7, 2009, it ran the remaining 102 days without interruption until the entire AEDPA limitations period expired on October 16, 2009. Stated another way, even after accounting for the applicable periods of statutory tolling, Lopez's petition was filed more than four months too late. Accordingly, the petition is time-barred unless equitable tolling is available.

---

[8]The Delaware Supreme Court considered Lopez's Crawford argument when deciding whether the time-bar and procedural bars were inapplicable to his second Rule 61 motion. The Delaware Supreme Court's consideration of Crawford, however, did not constitute a waiver of the time-bar applied by the Superior Court, because the Delaware Supreme Court concluded that Lopez had failed to overcome the procedural bars and ultimately affirmed the Superior Court's dismissal of the motion as untimely. See Pace, 544 U.S. at 414 ("[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).").

**B. Equitable Tolling**

The AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[9] mere excusable neglect is insufficient. Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Lopez does not contend that any extraordinary circumstances prevented him from timely filing the instant petition. However, in his traverse, Lopez does assert that he "is Spanish, speaks fluent Spanish, and has a problem with English." (D.I. 15 at 5) To the extent this statement should be

---

[9] Holland, 130 S.Ct. at 2562.

liberally construed as an attempt to trigger equitable tolling, the Court concludes that it is unavailing. Recently, in <u>Pabon v. Mahanoy</u>, the Court of Appeals for the Third Circuit held that an inability to read or understand English can constitute extraordinary circumstances triggering equitable tolling when that inability is combined with a denial of access to translation or legal assistance. <u>Pabon v. Mahanoy</u>, ___ F.3d ___, 2011 WL 2685586, at *13 (3d Cir. Jul. 12, 2011). The "relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." <u>Id.</u>

Significantly, Lopez has not alleged, and nothing in the record indicates, that he requested, but was unable to obtain, translation assistance prior to the expiration of AEDPA's one-year limitations period, or that the prison law library lacked materials in his native language that were necessary for him to file a timely § 2254 petition. In fact, when denying one of the ineffective assistance of counsel claims raised in Lopez's Rule 61 motion for post-conviction relief, the Delaware Superior Court stated:

> As counsel explains in his affidavit, he understood and was sensitive to his client's limited ability to speak English. The Defendant informed counsel he did not need an interpreter, and counsel was satisfied that he was able to effectively communicate with the Defendant in preparation for case reviews and trial. Since it appeared to counsel that the Defendant understood his questions and comments and that the client's responses were appropriate to the topic

Page -13-

> being discussed, it was not unreasonable for counsel to
> forego an interpreter, especially since counsel was aware
> from a prior representation that the Defendant had proceeded
> in court without one.

Lopez, 2008 WL 601743, at *2. In short, Lopez has failed to demonstrate that his limited proficiency in the English language constituted a "severe obstacle" in his endeavors to comply with AEDPA's limitations period.

And finally, to the extent Lopez erred in his computation of the AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, equitable tolling is not warranted, and the Court will dismiss the petition as time-barred.[10]

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a

---

[10]Having determined that the petition is time-barred, the court need not address the State's alternative reasons for denying the petition.

certificate of appealability.  See 3d Cir. L.A.R. Rule 22.2(2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that Lopez's petition is time-barred.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed, Lopez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied without

an evidentiary hearing.  (Docket entry no. 2)  An appropriate Order accompanies this Opinion.

                                    s/Renée Marie Bumb
                                    Renée Marie Bumb
                                    United States District Judge

Date: July 27, 2011