**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CARLOS LOPEZ, | : | |
| Petitioner, | : | Civil No. 10-254(RMB) |
| v. | : | |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | **MEMORANDUM ORDER** |
| Respondents. | : | |

**BUMB, District Judge**

THIS MATTER comes before the Court upon <u>pro se</u> petitioner Carlos Lopez's ("Lopez") motion for reconsideration ("motion") (Docket entry no. 20)of this Court's July 27, 2011 Opinion and accompanying Order denying as time-barred Lopez's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition"). (Docket entry no. 18; Docket entry no. 19) Lopez now asserts three arguments in support of his motion for reconsideration. For the following reasons, Lopez's motion is denied.

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. <u>See</u> <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (3d

Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." Fiorelli, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A "postjudgment motion requesting alteration or amendment of the judgment but denominated as something other than a motion under Rule 59 is generally treated as having been made under Rule 59(e) . . . if the motion was filed within the [time] period allowed for a Rule 59(e) motion." U.S. ex rel McAllen v. City of New York, 248 F.3d 48, 53 (2d Cir. 2001). Nevertheless, a motion

for reconsideration is not appropriate to reargue issues that the court has already considered and decided, Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990), and courts should grant such motions sparingly. Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002).

After viewing the instant motion within the framework established by the aforementioned principles, the Court concludes that Lopez has presented a timely Rule 59(e) motion.[1] In turn, because none of the three arguments asserted by Lopez point to an intervening change in controlling law or the availability of new evidence not previously available, the Court construes Lopez's motion as a request to correct a clear error of law or fact or to prevent manifest injustice.

Lopez's first contention is that his petition is not time-barred pursuant McKinney v. United States, 208 F.2d 844 (C.A.D.C. 1953), which held that a petitioner's tardiness is "irrelevant" when a constitutional issue is raised by a petitioner who is still confined in prison. Id. at 847. This argument is unavailing. When McKinney was decided in 1953, there was no time limitation for filing a § 2254 petition. However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted in 1996, and habeas petitions filed after its enactment are subject to AEDPA's one-year limitations period.

---

[1]Lopez filed the instant motion on August 3, 2011, which was well within Rule 59(e)'s twenty-eight (28) day filing period. See Fed. R. Civ. P. 59(e).

Thus, becase Lopez filed his petition after AEDPA's enactment and AEDPA has superseded McKinney, Lopez's first argument does not warrant reconsideration of the Court's earlier decision that his petition is time-barred.

Lopez's next argument for reconsideration is that his attorney violated Del. Code Ann. tit. 11, § 3509 by offering the testimonial out-of-court statement of Joey Torres in lieu of calling Torres to testify at trial. This contention, however, merely re-asserts a claim presented in Lopez's § 2254 petition and, therefore, does not provide a proper basis for granting his motion. Additionally, this second argument alleges an error of state law, and it is well-established that claims based on errors of state law are not cognizable on habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). For both of these reasons, the Court concludes that the instant argument does not warrant reconsideration of its prior decision.

Finally, Lopez contends that reconsideration is warranted because he was denied access to the courts. However, by specifically asserting that (1) he is unable to read English, (2) the prison library does not provide any legal materials in the Spanish language, and (3) the library fails to offer the assistance of any "approved, educated, trained paralegal that holds a degree," the Court construes Lopez's argument to be that equitable tolling is warranted under the recent Third Circuit case, Pabon v. Mahonoy, 654 F.3d 385 (3d Cir. 2011).

In order to better understand Lopez's argument, the Court

will provide a brief summary of Pabon. Pabon involved prisoner Pabon's appeal of the dismissal of his pro se habeas petition as untimely, wherein Pabon argued that his inability to speak, read, or write English, coupled with the prison's lack of Spanish-language legal materials and repeated denials of translation materials, were extraordinary circumstances warranting equitable tolling. After articulating the general holding that a petitioner's "inability to read or understand English, combined with denial of access to translation **or legal assistance**, can constitute extraordinary circumstances that trigger equitable tolling," Id. at 400 (emphasis added), the Third Circuit reversed the dismissal of Pabon's petition as time-barred and remanded the case to the District Court for an evidentiary hearing on the issue of equitable tolling. The Third Circuit explained that there was "substantial evidence in the record that Pabon may have faced an extraordinary circumstance," because "he has consistently claimed to be a non-English speaker, required a translator in his interactions with police and the court system, lacked access to legal materials or notice of AEDPA in Spanish in the RHU where he was housed for five years, and was repeatedly denied legal materials in Spanish or translation assistance." Pabon, 654 F.3d at 401.

With respect to Lopez's case, the State argued the Court should deny his petition as time-barred. In his reply, Lopez asserted that he "is Spanish, speaks fluent Spanish, and has a problem with English." (D.I. 15 at 5) Given its duty to liberally

construe pro se filings, the Court considered Lopez's vague assertion as an attempt to trigger equitable tolling and reviewed his argument under the recently articulated Pabon test. Nevertheless, the Court concluded that Lopez's argument did not warrant equitable tolling because he failed to allege "that he requested, but was unable to obtain, translation assistance prior to the expiration of AEDPA's one-year limitations period, or that the prison law library lacked materials in his native language that were necessary for him to file a timely § 2254 petition." (D.I. 18 at 13) In summary, the Court denied the petition as time-barred after concluding that statutory tolling did not render Lopez's petition timely and that equitable tolling was not warranted.

Now, although Lopez's motion presents an equitable tolling argument which more closely resembles the one asserted in Pabon, the Court still concludes that his argument fails to trigger the equitable tolling necessary to render his petition timely filed. To begin, for the purposes of this motion only, the Court accepts Lopez's assertion that he is unable to read English, as well as his assertion that the legal materials in the prison law library are written in the English language. Significantly, however, Lopez does not contend that he was denied access to translation of such materials. In fact, the documents filed in this proceeding and in his state collateral proceedings are in English and well-written, indicating that Lopez was either proficient

enough in the English language to complete the filings himself or that he received assistance in translating the English materials to Spanish and in drafting his filings in English.[2] Thus, the Court cannot conclude that Lopez's untimely filing was due in any part to a lack of access to translation,[3] and it would appear that equitable tolling is not available under Pabon for this reason alone.[4]

---

[2]Nothing in the record indicates that someone other than Lopez prepared the documents filed in his collateral proceedings in state court or in this Court.

[3]The record in this case reveals that Lopez has been housed at the James T. Vaughn Correctional Center for his entire time of imprisonment, and there is no indication that his limited proficiency in English is a new occurrence or that the prison library's offerings with respect to legal resources and legal assistance have changed over the years. Interestingly, Lopez's limited proficiency in reading the English language and the alleged lack of non-Spanish prison library resources did not prevent him from completing and filing three timely pro se Rule 35 motions and one timely pro se Rule 61 motion in the Delaware Superior Court between May 2007 and July 2009, and Lopez has not explained why the legal assistance and resources provided by the library were sufficient when he was pursuing his post-conviction claims in the Delaware state courts, yet were somehow insufficient during his pursuit of those same or similar claims in a § 2254 petition.

[4]In explaining its reason for remanding Pabon's case for an evidentiary hearing, the Third Circuit focused on Pabon's lack of access to translated materials or translation assistance, with only one brief statement regarding a denial of access to legal assistance in the general sense. See Pabon, 654 F.3d at 401 ("We disagree, as the evidence currently before us supports the contrary conclusion – that Pabon has continued to face a language barrier until is habeas petition was filed, as he had been unable to obtain legal or translation assistance despite continuing efforts."). Additionally, at the end of its Opinion, the Third Circuit stated,

> [b]ecause we hold that language inability, when coupled with lack of translation assistance, may constitute an extraordinary circumstance, and because Pabon was reasonably

Nevertheless, the Court also rejects Lopez's contention that equitable tolling is warranted because he was provided with inadequate legal assistance, as demonstrated by the fact that (1) none of the library paralegals hold a "degree," and (2) the paralegals were unable to produce a successful "non frivolous" petition. (Docket entry no. 20 at 2) Simply stated, Lopez fails to recognize that equitable tolling may be triggered under <u>Pabon</u> only when there has been a denial of access to legal assistance, not when the legal assistance provided is theoretically sub-par.[5]

---

diligent in pursuing his claims, we conclude that the District erred in dismissing Pabon's equitable tolling claim without considering the evidence he offered.

<u>Id.</u> at 403. Although this statement and the Third Circuit's reasoning strongly suggest that a petitioner's access to translated materials and/or access to translation assistance is sufficient to defeat an argument for equitable tolling based on a language barrier, the Third Circuit's use of the phrase "**or legal assistance**" in its specific holding (equitable tolling may be warranted when a petitioner's "inability to read or understand English [is] combined with denial of access to translation **or legal assistance**") indicates that a court must consider both the denial of access to translation and the denial of access to general legal assistance when deciding if equitable tolling is appropriate. Exercising prudence, in this Memorandum Order the Court will consider both prongs as specifically articulated by the Third Circuit.

[5]In reaching this conclusion, the Court acknowledges the well-settled Supreme Court precedent that an inmate is entitled to access to an adequate law library or "adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). However, "because <u>Bounds</u> did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury [sufficient to establish a viable claim for denial of access to the courts] simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." <u>Lewis</u>, 518 U.S. at 351. Rather, the "inmate must go one step further and demonstrate that the alleged shortcomings in the library or

See Lewis v. Casey, 518 U.S. 343, 351 (1996). In other words, neither the existence or absence of a paralegal's degree, nor an unsuccessful attempt to obtain habeas relief, demonstrates that Lopez was denied access to legal assistance.[6]

Additionally, Lopez has not submitted any evidence that he sought translation and/or legal assistance before the AEDPA's filing deadline, nor has he submitted evidence that such efforts,

---

legal assistance program hindered his efforts to pursue a legal claim." Id.

[6] Bounds does not impose a requirement that the person providing legal assistance hold a degree, only that the person be "trained in the law." Significantly, Lopez's unsupported statement regarding the absence of any paralegals with a degree fails to demonstrate that such assistance was rendered by persons untrained in the law.
    Moreover, as explained in Lewis, Bounds does not guarantee a "particular methodology but rather the conferral of a **capability** – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356 (emphasis added). At least one other court has concluded that "the term 'adequate' as used in Bounds to modify 'assistance from persons trained in the law,' refers not to the effectiveness of the representation, but to the adequacy of the prisoner's access to his or court-approved counsel or other law-trained assistant." Schrier v. Halford, 60 F.3d 1309, 1313-14 (8th Cir. 1995). Notably, Lopez does not contend that his access to the library's paralegals or legal assistance program was denied, or even limited, in any way.
    And, finally, Lopez has failed to demonstrate how the fact that the paralegals do not hold degrees, if true, hindered his efforts to pursue the claims asserted in his petition. For instance, although Lopez contends that the assistance provided by the paralegals was inadequate because the petition they helped him draft was denied for failing to present a "non frivolous" claim, the petition was denied for being time-barred, not for being meritless. Lopez does not allege that the paralegals provided incorrect information regarding the limitations period. Additionally, many licensed and experienced attorneys are unsuccessful in their attempts to obtain habeas relief for their clients, either because the claims are meritless or because the petitions are time-barred or otherwise barred.

if sought, were denied.  Therefore, Lopez has failed to demonstrate that he exercised the type of reasonable diligence in pursuing his claims that is necessary to trigger equitable tolling.  See Pabon, 654 F.3d at 402 (describing Pabon's numerous efforts seeking both legal and translation assistance).

For all of these reasons, the Court cannot conclude that Lopez was denied access to translation and/or legal assistance. As a result, the Court also cannot conclude that Lopez's limited proficiency in the English language combined with the circumstances he has described created such a severe obstacle that he was prevented from timely filing his habeas petition. Therefore, Lopez's equitable tolling argument does not warrant reconsideration of the Court's earlier decision.

Additionally, to the extent the Court must consider whether to issue a certificate of appealability, the Court declines to do so because Lopez has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); See United States v. Eyer, 113 F.3d 470 (3d Cir.  1997); 3d Cir. LAR 22.2 (2011).

Accordingly, IT IS ON THIS **28th** day of **November 2011**, **ORDERED** that Lopez's motion for reconsideration (D.I. 20) is **DENIED**.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge