IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLOS LOPEZ, | : |
| Petitioner, | : |
| v. | : C.A. No. 10-254-RGA |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, et. al, et al, | : |
| Respondents. | : |

### MEMORANDUM

Pending before the Court is petitioner Carlos Lopez's ("Lopez") document titled "Memorandum of Law in Support of the Newly Discovered Evidence that Was Not Brought Forth by the Defense Counsel at Trial." (D.I. 26) The Court construes this memorandum to be a motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) motion") regarding the Honorable Renee M. Bumb's July 27, 2011 Opinion and accompanying Order denying as time-barred Lopez's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition"). (D.I.18; D.I. 19)

A Rule 60(b) motion for reconsideration "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). However, when a petitioner files a motion for reconsideration after the denial of his habeas petition, a court must first determine if the motion constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir.

2004)(holding that a Rule 60(b) motion attacking the manner in which the earlier habeas judgment was procured and not the underlying conviction may be adjudicated on the merits, whereas a Rule 60(b) motion seeking to collaterally attack the petitioner's underlying conviction should be treated as a successive habeas petition). Significantly, AEDPA prohibits a district court from considering the merits of a second or successive habeas application unless the filing of such an application was authorized by the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

Here, the court concludes that Lopez's Rule 60(b) Motion constitutes a second or successive habeas request because: (1) Lopez's contention that he has discovered new evidence that defense counsel failed to contact certain alibi witness which, in turn, violated his right to due process, collaterally challenges his underlying conviction rather than the integrity of the prior habeas proceeding; and (2) Lopez could have presented this argument in his original petition, because he was fully aware of all alibi witnesses at the time of his trial. Considering that Lopez did not obtain permission from the Third Circuit Court of Appeals before filing his request, the Court will dismiss the instant Motion for lack of jurisdiction. 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals."). A separate order dismissing the motion will be entered.

Dec. 20, 2013
DATE

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

2